## Greenfield v. Trinsey

*John D. Dunmire*, for plaintiff.
*William L. O'Hey, Jr.*, for defendant.

HONEYMAN, J., January 5, 1965.—Plaintiff instituted suit in assumpsit by complaint filed August 20, 1962, to recover on a promissory note executed by defendant on February 1, 1960, in the amount of $25,-000. Said note was to become payable within two years from the date upon which defendant, or any corporation, partnership, syndicate or association in which he

held an interest, took title to any part of certain premises situate on Rebel Hill in Gulph Mills, Upper Merion Township, Montgomery County, Pa. Plaintiff's complaint alleged that on May 9, 1960, title to said premises was taken by a third party on behalf of defendant, and that plaintiff thereafter made demand upon defendant for payment, but payment was refused. In answer to the complaint, defendant under "new matter" raised the defense of failure of consideration for the note, averring that plaintiff was to perform future services after the execution of the note, and that these services were not performed.

At the trial before the undersigned, held January 27, 28 and 29, 1964, the jury returned a verdict for defendant. Plaintiff thereafter filed the instant motion for a new trial, alleging error on the part of the trial judge in allowing defendant to show that plaintiff, as agent for defendant, failed in his duty to act with loyalty and good faith to said defendant. Plaintiff contends it was improper to have permitted defendant to offer evidence pertaining to breach of a fiduciary relationship, since this matter was not explicitly raised in defendant's answer to the complaint, and that such is an affirmative defense which, under the Pennsylvania Rules of Civil Procedure, is waived unless pleaded in the answer under the heading of "new matter".

This court finds no error was committed in permitting defendant's evidence with regard to plaintiff's breach of fiduciary duty. Research by counsel for the parties herein and the undersigned has produced no authority for plaintiff's proposition that breach of fiduciary duty is an affirmative defense which must be pleaded in a responsive pleading under the heading "new matter". It is also noted that such is not listed in Pa. R. C. P. 1030 as an affirmative defense, even though said rule by its own terms does not limit affirmative defenses to those listed therein.

It is clearly established and admitted in the evidence adduced in plaintiff's case that plaintiff was fully aware of the duties of one acting as an agent for a principal and that such was the relationship between himself and defendant. It defies consistency, therefore, that plaintiff would admit an agency relation between the parties, and yet dispute the right of defendant to place before the jury evidence purporting to prove his failure to represent defendant with the utmost good faith and loyalty. This court is of the opinion that when an agent sues his principal, there is implicit in his cause of action the issue whether plaintiff, as agent, acted with all true fidelity to his principal. The question of good faith and loyalty arose in the proof of plaintiff's case primarily by defense counsel's cross-examination of plaintiff which is replete with questions and answers concerning whether or not plaintiff as agent for defendant acted in good faith and for defendant's best interests. To preclude defendant, in his case, from raising breach of a fiduciary relationship because this was not specifically pleaded in his answer and new matter, would, by the very nature of the basic controversy between these parties, unjustly thwart defendant in his resistance to the claim of plaintiff. On the other hand, there is certainly nothing oppressive or unfair to plaintiff in allowing such inquiry into his good faith and loyalty in the presence of the jury. If he acted with all true fidelity to defendant, why should he fear an airing of that very issue?

Further, the instant action is a suit on a note given by a principal to an agent as security for his compensation. It is, therefore, only logical that the defense of failure of consideration, which is pleaded by defendant, actually encompasses a breach of fiduciary relationship.

Finally, there is no basis for plaintiff's contention that he was confronted with a defense of which he had

no notice and for which he was totally unprepared. The defense of breach of fiduciary duty centered mainly about a letter (exhibit P-2) written on March 1, 1960, by plaintiff to defendant, allegedly terminating the agency relationship, and a letter dated March 10, 1960 (exhibit D-1) written by plaintiff's attorney to the company with whom defendant had been and presumably still was negotiating for transfer of the land in question. Exhibit D-1 set forth that its purpose was to reduce to writing an oral agreement of March 2, 1960, reached between plaintiff and said company. The letter P-2 admittedly was prepared by plaintiff with the assistance of the same attorney. The letter designated as D-1 was prepared and dispatched by plaintiff's attorney with the full knowledge and consent of plaintiff. From this sequence of events, it is readily apparent that plaintiff could not have been surprised by this matter being injected into the case and thus unprepared to reply thereto. It might well be that he *was* surprised by defendant's acquisition of exhibit D-1 as evidence. The impact or effect of exhibit D-1 upon the issue of breach of fiduciary relationship was certainly competent for submission to the jury for their evaluation, acceptance or rejection.

No other reasons in support of plaintiff's motion for new trial were supported in his brief nor were any argued before the court en banc. Likewise, plaintiff did not press his motion for judgment non obstante veredicto.

### ORDER

AND NOW, January 5, 1965, plaintiff's motions for a new trial and judgment non obstante veredicto are hereby denied. The prothonotary is directed to enter judgment on the verdict.